UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JEAN GYGI,<br>　　　　Petitioner,<br>　　v.<br>WARDEN, FCI DUBLIN,<br>　　　　Respondent. | Case No. 20-cv-00302-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Pamela Gygi, a federal prisoner incarcerated at F.C.I. Dublin has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. She has paid the filing fee.

## BACKGROUND

Petitioner was convicted in the District of Oregon on May 3, 2017, for her participation in a murder-for-hire scheme (18 U.S.C. § 1958) and possession of a firearm in furtherance of the murder-for-hire scheme (18 U.S.C. § 924(c)). Petition at 2; *United States v. Gygi*, Case No:15-cr-0305-AA (District of Oregon), Docket No. 63 at 1. She states that she did not appeal but did challenge the conviction by filing a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Petition at 4. Petitioner argued in the § 2255 motion that the Court lacked jurisdiction because the crime occurred in Oregon which she argued was not within a federal territory in light of her "Sovereign Citizen" beliefs. *United States v. Gygi*, Case No:15-cr-0305-AA (District of Oregon), Docket No. 63 at 3. The Court denied the § 2255 motion. *Id*. at 4.

## DISCUSSION

### STANDARD OF REVIEW

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.* at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is, however, an exception to that general rule. Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted). We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

### LEGAL CLAIM

As the sole ground for federal habeas relief, petitioner argues that her § 924(c) conviction must be vacated for resentencing because the underlying murder-for-hire offense no longer categorically qualifies as a "crime of violence" in light of *United States v. Davis*, 139 S.Ct. 2319 (2019). Petitioner also contends that this petition meets the requirements for the escape hatch of § 2255. In *Davis*, the United States Supreme Court found that the residual clause in § 924(c)(3)(B)

is unconstitutionally vague. *Id*. at 2336. Liberally construed, petitioner's claim is sufficient to require a response.[1]

**CONCLUSION**

1. The Clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the United States Attorney for the Northern District of California. The Clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the relevant trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer within fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

---

[1] The Court notes that the Ninth Circuit recently held that a petitioner's claim of actual innocence of a noncapital sentence under *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 136 S.Ct. 2243 (2016), including a claim that a petitioner's sentence exceeds the statutory maximum, is a claim of actual innocence cognizable under the escape hatch. *Allen v. Ives*, 2020 WL 878523, at *3-7 (9th Cir. Feb. 24, 2020).

3

to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 16, 2020

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JEAN GYGI,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN, FCI DUBLIN,<br><br>    Defendant. | Case No. 20-cv-00302-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pamela Jean Gygi ID: 76930-065
FCI Dublin
5701 8th St.-Camp Parks
DUBLIN, CA 94568

Dated: March 16, 2020

Susan Y. Soong
Clerk, United States District Court

By: *[signature]*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO