UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JEAN GYGI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI DUBLIN,<br><br>Respondent. | Case No. 20-cv-00302-JD<br><br>**ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 9, 12 |

Pamela Gygi, a federal prisoner incarcerated at F.C.I. Dublin, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. She was convicted in the District of Oregon. As the sole ground for federal habeas relief, petitioner argues that her Section 924(c) conviction must be vacated for resentencing because the underlying murder-for-hire offense no longer categorically qualifies as a "crime of violence" in light of *United States v. Davis*, 139 S.Ct. 2319 (2019). Petitioner also filed a motion for immediate release pursuant to the CARES Act in light of the current public health crisis.

Respondent filed an answer and says that Gygi should have presented her habeas claim in an 28 U.S.C. § 2255 motion in the District of Oregon, and filed her motion CARES Act motion there, too. Gygi has a pending Section 2255 motion in the District of Oregon raising the same claims. Gygi failed to address respondent's arguments in her traverse. She was provided an additional opportunity to address the arguments. Gygi filed additional briefing but has still not addressed respondent's arguments.

A district court must determine at the outset whether a petition filed by a federal prisoner is under Section 2241 or Section 2255 because Congress has assigned jurisdiction over these

petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under Section 2241 must be heard in the district of confinement, while a Section 2255 petition must be heard by the sentencing court. *Id*. at 865.

A federal prisoner who seeks to challenge the legality of confinement typically should bring a Section 2255 motion. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a Section 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." (citation omitted)). There is an exception. Under the "escape hatch" of Section 2255, a federal prisoner may file a Section 2241 petition if, and only if, the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. (internal quotation marks omitted). Specifically, a prisoner may file a Section 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id*. at 898 (internal quotation marks omitted).

Gygi's challenge to her Section 924(c) conviction is based on *United States v. Davis*, 139 S.Ct. 2319 (2019), which is a new substantive rule that is retroactive. This claim can be presented in a Section 2255 in the District of Oregon. Gygi has a "procedural shot" at presenting this claim, and so the escape hatch does not apply and this Section 2241 petition must be dismissed.

On January 13, 2020, Gygi filed a Section 2255 motion in the District of Oregon. *United States v. Gygi*, Case No. 15-CR-00305 (D. Or.) Respondent noted in its response to the Section 2255 motion in that district, that her argument may have merit and while she should not be released, she should be resentenced. *Id*., Docket No. 72 at 3. The District of Oregon ordered counsel to be appointed on June 30, 2020. *Id*., Docket No. 74. In light of the above, Gygi's Section 2241 motion is **DENIED**, and she may proceed in the District of Oregon. Because the Section 2241 motion is denied, her motion for immediate release pursuant to the CARES Act is also denied and she may proceed with that claim in the District of Oregon.[1] A Certificate of

---

[1] The District of Oregon denied the CARES Act motion because the Court lacked jurisdiction to review the Bureau of Prison's individualized placement determinations. Case No. 15-CR-00305,

Appealability and all pending motions (Docket Nos. 9, 12) are **DENIED**.

**IT IS SO ORDERED.**

Dated: August 13, 2020

_____
JAMES DONATO
United States District Judge

---

Docket No. 74 at 2-3. The Court did liberally construe the motion as a request for compassionate release under 18 U.S.C. § 2582(c)(1)(A) and provided Gygi an opportunity to demonstrate that she made a compassionate release request to the Warden. *Id*. at 3.